UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

01 JAN 16 P 2:00

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO.: 00-6280-CR-DIMITROULEAS

vs.

FRANKLIN GELL,

    Defendant.

_____/

AMENDED
MOTION TO STRIKE, EXCISE AND/OR
CLARIFY PORTIONS OF PRESENTENCE
INVESTIGATION

COMES NOW the Defendant, FRANKLIN GELL, by and through the undersigned counsel, and would respectfully move this Honorable Court pursuant to Federal Rule of Criminal Procedure 32 for an Order striking from consideration at the sentencing hearing in this cause, and excising from consideration at the sentencing hearing in this cause, and excising from the presentence investigation report prepared by the United States Probation Office or, in the alternative, clarifying the presentence investigation report, certain inaccurate information. In support of this Motion, the Defendant alleges the following:

1.    The Defendant, FRANKLIN GELL, is scheduled to be sentenced by this Court on January 19, 2001. As a consequence of an information, the Court ordered the preparation of a presentence report.

2.    The Defendant and his attorney have reviewed the presentence report and respectfully submit that there are certain inaccuracies that should be corrected by the Court pursuant to Rule 32, Federal Rules of Criminal Procedure.



3.  On page 13 through 15 of the Presentence Report, paragraphs 47 through 50, is a reference to the Defendant's financial condition and his ability to pay. Specifically, in paragraph 50 of the Presentence Report, is a suggestion that the Defendant may have an ability to pay a "lump sum fine." This is both factually as well as financially inaccurate. In the preceding paragraphs, to wit: 47 through 49 of the Presentence Report, Ms. Garber correctly documents that the Defendant has a negative net worth as well as negative cash flow. The Defendant is completely strapped financially and has no realistic ability to pay any fine. Hence, no fine should be imposed.

### MEMORANDUM OF LAW

The Defendant seeks a ruling under Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, which read as follows:

> If the comments of a defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the Pre-Sentence Investigation Report or parts thereto, the Court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account at sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the Presentence Investigation Report thereafter made available to the Bureau of Prisons or the Parole Commission.

The above-cited portion of Rule 32 was an Amendment added in 1983. This Amendment was made necessary because of the increasing number of problems presented by inaccurate Presentence Investigations that contained information and

allegations which followed the Defendant all the way through the prison system. United States v. Darby, 744 F.2d 1508 (11th Cir. 1984). The Darby case predated a 1983 Amendment to Rule 32.

The imposition of a sentence based upon facts that are inaccurate is inconsistent with due process of law. Townsend v. Burke, 334 U.S. 736 (1948). In order to determine an appropriate punishment a court must take into consideration all the circumstances of the particular crime and the background of the individual offender. Dorszynski v. United States, 418 U.S. 435 (1974). Our individualized sentencing process requires "possession of the fullest information possible concerning the defendant's life and characteristics." Williams v. New York, 337 U.S. 241, 247 (1949).

The cases of Townsend v. Burke, supra, and the United States v. Tucker, 404 U.S. 443 (1972) preclude reliance upon "improper or inaccurate information" in making the sentencing determination. Dorszynski, supra, at 431 n.7. See also, United States v. Reme, 738 F.2d 1156 (11th Cir. 1984).

**WHEREFORE**, the Defendant, FRANKLIN GELL requests that this Honorable Court:

1. Enter an Order consistent with F.R.Cr.P. 32(c)(3)(D) requiring the Probation Officer to strike, excise and/or amend the above statements from all copies of the presentence investigation report and,

3

2. Refrain from taking factors into consideration in determining the sentence to be imposed on FRANKLIN GELL.

Respectfully submitted,

LAW OFFICES
SIMON T. STECKEL
701 Brickell Avenue
Suite 3260
Miami, Florida 33131
Tel: (305) 373-1900

By: _____
SIMON T. STECKEL

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded to the United States Attorney's Office, Miami, Florida 33132 this _//_ day of January, 2001.

By: _____
SIMON T. STECKEL

4